**YONG SUN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–75146.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Jan. 6, 2010.

Yong Sun, Rowland Heights, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Eric W. Marsteller, Esq., DOJ–U.S. Department of Justice Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Yong Sun, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Tekle v. Mukasey,* 533 F.3d 1044, 1051 (9th Cir.2008), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination because the discrepancy between Sun's testimony and his passport regarding his whereabouts on the day of his alleged arrest is substantial and goes to the heart of his claim. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000); *Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004) (adverse credibility determination is supported where at least one of the identified grounds is supported by substantial evidence and goes to the heart of the claim). In the absence of credible testimony, Sun's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Sun's CAT claim is based on the same statements found to be not credi-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ble, and he fails to point to any other evidence in the record to establish it is more likely than not he would be tortured if returned to China, substantial evidence supports the agency's denial of CAT protection. *See id.* at 1156–57.

To the extent Sun contends ineffective assistance of counsel or raises a claim based on China's family planning policy, this court lacks jurisdiction to review the claims because they were not exhausted. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

Finally, we decline to consider the evidence Sun attached to his opening brief because our review is limited to the administrative record underlying the BIA's decision. *See Fisher v. INS,* 79 F.3d 955, 963 (9th Cir.1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**